IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BORCHERS,<br><br>    Plaintiff,<br><br>  v.<br><br>THE STANDARD FIRE INSURANCE COMPANY,<br><br>    Defendant.<br>_____/ | No. C-10-1706 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING** |

    Before the Court is plaintiff Bruce Borchers' Motion to Remand to State Court, filed May 22, 2010. Defendant The Standard Fire Insurance Company has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for July 2, 2010, and rules as follows.

    In his First Amended Complaint ("FAC"), filed in state court on March 16, 2010, plaintiff alleges two state law claims against defendant: (1) Breach of Insurance Contract; and (2) Breach of the Implied Covenant of Good Faith and Fair Dealing. On April 21, 2010, defendant removed the action to district court on the asserted ground the Court has diversity jurisdiction over plaintiff's claims.

In the instant motion, plaintiff does not dispute defendant's showing of diversity jurisdiction over his claims; rather, plaintiff argues, defendant did not file its notice of removal within the thirty-day period provided in 28 U.S.C. § 1446(b).  In its opposition, defendant, in addition to asserting its notice of removal was timely, argues plaintiff's motion to remand was not filed within the thirty-day period provided in 28 U.S.C. § 1447(c).  The Court first addresses the timeliness of plaintiff's motion.

Where, as here, a motion to remand is based on an alleged "defect other than lack of subject matter jurisdiction," the motion "must be made within 30 days after the filing of the notice of removal."  See 28 U.S.C. § 1447(c).  If such motion is not filed within the time period provided in § 1447(c), the motion must be denied as untimely.  See, e.g., Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1239 (9th Cir. 1995) (holding plaintiff could not raise "procedural objection" to notice of removal where plaintiff filed motion to remand 33 days after notice of removal had been filed).

The instant notice of removal was filed on April 21, 2010, and plaintiff's motion to remand was filed on May 22, 2010, thirty-one days later.  Plaintiff argues the motion nonetheless is timely, citing Rule 6(d) of the Federal Rules of Civil Procedure, which provides that "[w]hen a party may or must act within a specified time after service and service is made under [federal rules providing for, inter alia, service by mail and electronic means], 3 days are added after the period would otherwise expire."  See Fed. R. Civ. P. 6(d).  As one circuit court has explained, however, Rule 6(d) "does not extend the thirty-day period of § 1447(c), as that rule applies only when a party is required to act within a prescribed period after service, not after filing."  See Pavone v. Mississippi Riverboat Amusement Corp., 52 F.3d 560, 566 (5th Cir. 1995) (emphasis in original); see also, e.g., Delew v. Las Vegas Metropolitan Police Dep't, 108 F. Supp. 2d 1146, 1148 (D. Nev. 2000) (holding "three-day extension provided by Rule 6[d] does not apply [to motion to remand pursuant to § 1447(c)] because the time limit is measured from 'filing', not from service of the notice"; denying motion to remand filed 31 days after notice of removal was filed).

Accordingly, plaintiff's motion to remand is untimely and will be denied.

Even if plaintiff's motion to remand had been timely filed, however, plaintiff, as discussed below, has failed to show the notice of removal was untimely.

A notice of removal must be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." See 28 U.S.C. § 1447(c).  The thirty-day period provided in § 1447(c) does not begin to run, however, until the defendant has been properly served under state law, or has agreed to waive service of process.  See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 350-51 (1999).  Thus, the thirty-day period is "triggered" by "simultaneous service of the summons and complaint" or by "receipt of the complaint 'through service or otherwise' after and apart from service of the summons," see id. at 347-48 (quoting 28 U.S.C. § 1446(c)), but is not triggered by "mere receipt of the complaint unattended by any formal service," see id. at 348.

Here, plaintiff submits evidence that his counsel sent a copy of the initial complaint by facsimile to defendant's counsel on February 9, 2010 (see Robinson Decl. ¶ 5), a date more than 30 days before April 21, 2010, the date on which the notice of removal was filed.[1]  Plaintiff does not contend, however, let alone offer evidence to show, that plaintiff, on February 9, 2010, simultaneously served defendant with a summons, or that plaintiff, before February 9, 2010, had served defendant with a summons.  Consequently, the 30-day period set forth in § 1446(c) was not triggered by defendant's receipt of the initial complaint, as such receipt was "unattended by any formal service."  See Murphy Brothers, 526 U.S. at 348.

Plaintiff also relies on his counsel's having sent to defendant's counsel a copy of the summons and a copy of the FAC on March 12, 2010 (see Robinson Decl. Ex. 8), which documents defendant received on March 16, 2010 (see Altura Decl. ¶ 9, Ex. H), a date more than 30 days before April 21, 2010.  Plaintiff's reliance on defendant's March 16,

---

[1]Plaintiff argues that defendant would have been able to determine from the face of the initial complaint that the action was removable.  In its opposition, defendant does not appear to dispute such assertion.

3

2010 receipt of a copy of the summons and FAC, however, is unavailing.  Where a plaintiff seeks to effectuate service by mailing to the defendant a copy of the summons, see Cal. Code Civ. Proc. § 415.30(a), service is "deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender," see Cal. Code Civ. Proc. § 415.30(c).  Here, defendant offers evidence, undisputed by plaintiff, that on April 2, 2010, defendant both acknowledged in writing its receipt of a copy of the summons and mailed a copy of such written acknowledgment to plaintiff.  (See Altura Decl. Ex. B.)  Consequently, the 30-day period set forth in § 1446(c) began to run on April 2, 2010.  Because the notice of removal was filed within 30 days thereafter, the notice of removal is timely.

## CONCLUSION

For the reasons stated above, the motion to remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  June 25, 2010

MAXINE M. CHESNEY
United States District Judge